IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL ANDERSON,

    Plaintiff,

vs.                                             CASE NO. 5:04CV44-SPM/AK

CAPTAIN MCCALPIN, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants retaliated against him for writing grievances resulting in his being held in confinement for 12 days with no disciplinary report being issued. (Doc. 1). Defendants have filed a special report, which has been construed as a motion for summary judgment. (Doc.34). Although Plaintiff was advised of his burden in opposing summary judgment (doc. 35), he did not respond to the motion despite being granted additional time to do so. (See Docs. 44 and 46). The matter is now ripe for review.

**I.    Complaint (doc. 1)**

Plaintiff alleges that on February 2, 2003, he wrote three informal grievances against Defendant Tyus for harassment, and against Defendant Moats for harassment and denial of access to the dental department. Although these grievances were addressed to the Assistant Warden, they were given to Defendants Tyus and Moats,

who allegedly began threatening him with retaliation.  On February 6, 2003, he was called to Defendant McAlpin's office and while waiting outside he allegedly heard McAlpin, Tyus and Bennett making fun of him and planning to retaliate against him.[1]  He also saw Defendant Halley go into the office and when he came out he asked if Plaintiff was going to sue the whole world.  When Plaintiff went into McAlpin's office he was questioned about the three grievances, which McAlpin was holding in his hand, and then taken to confinement and told he would be getting a DR for lying to staff.  He claims that no DR was ever written, but he stayed alone in a cell for extremely disruptive inmates for 12 days.  He seeks a declaratory judgment that these actions were unconstitutional, that an injunction issue that no further retaliation be done against him, nominal damages of $150. 00 from each defendant, as well as $2500.00 punitive damages from each defendant.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299

---

[1]  According to the Defendants' motion, this is the correct spelling of Defendant McAlpin's last name, not McCalpin as is set forth in the complaint.

**No. 5:04CV44-SPM/AK**

(11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or

**No. 5:04CV44-SPM/AK**

other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.     Defendants' Relevant Rule 56(e) evidence

   a)     Inmate Population Information Detail (exhibit A)

Plaintiff was released on April 12, 2007.

   b)     Inmate Movement/Transfer History (exhibit B)

Plaintiff was at Apalachee East Unit during the events in question

   c)     Informal Grievances written 2/2/03

Plaintiff alleges that Officer Tyus has a vendetta against him and harassed him about using the bathroom, made him "work in a different way than other inmates which results in me being slower so she can holler at me for lagging behind," and watched other inmates throw dirt on him.  His explanation is that maybe he reminds her of someone or "t]his could be in retaliation for filing grievances and civil suits."

   Response: "CO Tyus was interviewed and stated at not time did she treat you any differently than any other inmate on the Field Force Squad who did not perform their job."

   Plaintiff alleges that Defendant Moats (field force supervisor) has retaliated against him for filing grievances and lawsuits against his employees by "harassment, unequal job assignments, denial of medical care and threats of violence."

   Response: Sgt. Moats was interviewed and stated he has never threatened you or treated you any differently than any other Field Force inmate.

**No. 5:04CV44-SPM/AK**

Plaintiff alleges that Defendant Moats refused to allow him to go to dental sick call.

Response: Sgt. Moats was interviewed and stated you signed up for Medical sick call on 1/30/03 and was seen by medical and that you never signed up for Dental sick call.

    d)    <u>Affidavit of Colonel John McALpin (exhibit D)</u>

Defendant McAlpin has been employed by DOC since 1988, and on February 6, 2003, he was Shift Captain, which included authorizing the placement of inmates in administrative confinement and authorizing the writing of disciplinary reports.

DOC procedures allows the placement of inmates in administrative confinement for up to 15 days when an investigation is pending. On February 6, 2003, McAlpin authorized the placement of Plaintiff in AC to conduct an investigation into allegations that Plaintiff was lying to staff. Within 72 hours the institutional classification team reviewed the placement and determined that he should remain in AC during the investigation, which did not yield sufficient evidence to issue a DR and he was released from AC after 12 days. McALpin attests that Plaintiff was not kept in AC for retaliation but because an investigation was pending and his presence in the general population would interfere with that investigation or pose a danger to the security and order of the institution.

    e)    <u>Administrative Confinement documents (exhibits E, F & G)</u>

These papers Indicate that he was placed in AC for investigative reasons for allegedly lying to staff. Daily Record of Segregation shows that he was placed in

**No. 5:04CV44-SPM/AK**

holding pending DR on February 6, 2003, and released on February 17, 2003 per Captain McAlpin.

    f)    <u>Admin. Reg. 33-602.220 Administrative Confinement (exhibit H)</u>

The regulations provide that administrative confinement is temporary and shall as closely approximate the conditions of general population as possible. Inmates in AC may be housed alone or in a bunk with another inmate, they have access to water and toilet facilities, are provided the same clothes, bedding, and personal property as general population unless some items pose a security problem. They receive the same meals, the same showers and most of the same privileges, <u>i.e</u>. visits, reading materials, legal materials, canteen purchases, as are allowed in general population. Inmates must have a review within 72 hours of placement in AC, must be told the reason for their assignment to AC and be given the opportunity to make a statement, and can only be held in AC for 15 days.

    g)    <u>Affidavit of Debbie Perez</u>

Ms. Perez is a Data Entry Operator at Apalachee CI and has reviewed the records of Inmate Anderson. She attests that he has filed 24 grievances since February 6, 2003, five during the five month period immediately following the alleged retaliation by Defendants and this number does not include any grievances he may have filed directly to Central Office.

    h)    <u>Grievances (exhibits J through K)</u>

Grievances filed on 4/21/02 and 6/9/02 and the appeals thereof show that Plaintiff has charged other officers with retaliation in relation to his job on Field Force

**No. 5:04CV44-SPM/AK**

(Carlson, Tyus, Halley, Darby and Solomon) which were investigated and found not to have merit.

     i)    <u>Cases supporting Defendants legal arguments</u>

**IV.    Analysis**

A claim that a plaintiff was penalized for the exercise of a specific constitutional right is properly considered under the First Amendment.  See <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 387 (6th Cir. 1999) (<u>en</u> <u>banc</u>).  It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits.  <u>Green v. Mowery</u>, 212 Fed. Appx. 918, 919 (11th Cir. 2006); <u>Redd v. Conway</u>, 160 Fed. Appx. 858, 862 (11th Cir. 2005).  To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect.  <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250 (11th Cir. 2005).  The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[2]  <u>Id.</u>, at 1251.  Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights."  <u>Id.</u>, at 1250, *quoting* <u>Constantine v. Rectors and Visitors of George Mason Univ.</u>, 411 F.3d 474 (4th

---

[2] A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view.  <u>Bennett</u>, *supra* at 1251.

**No. 5:04CV44-SPM/AK**

Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, *supra* at 1253, n.6.

A plaintiff bears the burden of proof on all three elements.

Plaintiff has carried his burden as to the first element, he clearly has a First Amendment right to file grievances. See Green, *supra* and Redd, *supra*. However, as to the second Bennett requirement, Plaintiff must show that the Defendants' conduct resulted in something more than a "de minimis inconvenience" to the exercise of his First Amendment rights. Bethel v. Town of Loxley, 221 Fed. Appx. 812, 813 (11th Cir. 2006). Negative statements in general made by a defendant without threat of physical violence or any other consequence would not likely deter a person of "ordinary firmness" from exercising his rights. Wood v. Valentino, 2007 WL 1427045 (M.D. Fla. 2007). However, a threat of "something drastic" if a prisoner did not stop filing grievances said by someone in a position of significant authority is sufficient to deter a person of ordinary firmness from filing grievances. Pittman v. Tucker, 213 Fed. Appx. 867, 871 (M.D. Fla. 2007).

Under the facts presented, Sgt. Moats allegedly told Plaintiff that he was going to get him since he liked to "play games," and said, presumably sarcastically, that he would "protect you [plaintiff] real good out on field force," and "I can answer all your grievances." Moats also explained that Plaintiff was being taken out of the chow line (temporarily) because "we don't like writ writers and you're gonna learn that boy." Plaintiff alleges then that he overheard Officer Tyus say to Officer Bennett, "Just get his sorry ass." Colonel Halley allegedly asked him if he was going to sue the whole world.

**No. 5:04CV44-SPM/AK**

Defendant McAlpin called Plaintiff into his office and holding the grievances asked Plaintiff what they were about and then allegedly said, "It will be a long hard 7 years for you if you keep writing crap like this." Plaintiff was then taken at Defendant McAlpin's direction to administrative confinement to a cell by himself to "see how he likes that." He stayed in AC for 12 days. He does not allege that anything untoward happened to him during this 12 days nor does he complain that he was denied usual privileges or ordinary conditions of confinement during this time. The proof submitted by the Defendants is that he returned to writing grievances shortly after he was returned to general population.

Most of the alleged "threats" are rather vague and not specifically linked to Plaintiff's grievance writing, i.e. none of the defendants said either you quit writing grievances or we are going to do "something drastic." However, there was some veiled reference to Plaintiff's grievances by Defendant McAlpin, who had the authority to place him in administrative confinement and did so. However, this action, 12 days in AC, which is clearly authorized by the regulations for investigating disciplinary reports which is the alleged basis for the AC, is not in the opinion of the undersigned adverse and constitutes no more than a "de minimis inconvenience," which under the case law cited *supra* does not meet the second requirement of Bennett for stating a claim of retaliation.

Further, as to the third requirement, a causal link, conclusory allegations of retaliation without "some facts" that would indicate that the retaliatory act (placing Plaintiff in AC) was in retaliation for filing grievances is not sufficient. See White v. Thompson, 2007 WL 2324613 (S. D. Ga. 2007). See also Farrow v. West, 320 F.3d

**No. 5:04CV44-SPM/AK**

1235, 1248 (11th Cir. 2003) (prisoner may establish retaliation by "demonstrating that the prison official's actions were `the result of his having filed a grievance concerning the conditions of his imprisonment.'").  The allegations must be more than "general attacks" upon a defendant's motivations, Plaintiff must produce "affirmative evidence" of retaliation from which a jury could find that plaintiff had carried his burden of proving the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted).  A prisoner does not automatically cast doubt upon an institutional decision, nor is the decision "subject to exhaustive challenge," solely because he was engaged in a First Amendment right. Adams, 784 F.2d 1077, 1082 (11th Cir. 1986); Adams v. James, 797 F.Supp. 940, 949 (M.D. Fla. 1992).  Even though prison officials do not have the authority to prohibit inmates from filing grievances it does not follow that every time an inmate files a grievance the act of doing so renders the exercise of prison authority suspect. See Adams, 784 F.2d at 1082. Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, see Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2nd Cir. 2001), impliedly overruled in part on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

**No. 5:04CV44-SPM/AK**

Under the present facts, the only defendant with the authority to place Plaintiff in administrative confinement was Defendant McAlpin.  The grievances which allegedly caused this retaliation concerned the actions of Defendant Tyus and Moats.  (See Doc.34, Exhibit C).  None of the grievances written on February 2, 2003, mention Defendant McAlpin.  Finally, even though Defendant McAlpin placed Plaintiff in AC, he decided **not** to write a disciplinary report after an investigation yielded insufficient facts to support a DR.  Such action does not comport with an individual intent on hindering the exercise of rights by a prisoner.  The issuance of a DR would certainly have had a more chilling effect on Plaintiff, if that was indeed the intent, than would spending less than two weeks in administrative confinement and off field force, which Plaintiff had been complaining about for some time.  Thus, the undersigned finds that Plaintiff has failed to carry his burden of proof on the third Bennett element as well.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 34) be **GRANTED**, and this cause dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 14th Day of September, 2007.

**No. 5:04CV44-SPM/AK**

      <u>  s/A Kornblum         </u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 5:04CV44-SPM/AK**